B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Teresa Renta Burch 9344 Vista Lakes Lane LV NV 89178 | **DEFENDANTS** Signature Real Estate 9525 Hillwood Drive, LV NV 89134  LV NV 89134 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Proper Person | **ATTORNEYS** (If Known) Southern Nevada Eviction Services 501 6th Street, LV, NV 89119 |
| **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Violation of Automatic Stay by Unlawfully evicting and removing debtor from property against the protection given by filing chpt 13, under Bk 11 USC 362

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 200,000 |

**Other Relief Sought** Actual / Punitive Damages. And to have eviction record cleared

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR Teresa R Burwell | BANKRUPTCY CASE NO. 23-12054-MKN | |
| DISTRICT IN WHICH CASE IS PENDING Nevada | DIVISION OFFICE | NAME OF JUDGE MKN |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF Teresa R Burwell | DEFENDANT Signature Real Estate and Southern Nevada Eviction Services | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *Teresa Renet Burwell* | | |
| DATE 9/20/23 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Teresa Renet Burwell | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Teresa Renita Burwell, 9344 Vista Waters Lane, Las Vegas, NV 89178, (702)573-1894, hisgracemyfavor@yahoo.com

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| IN RE: Teresa Renita Burwell | ) | |
| | ) | BK NUMBER: 23-12054-MKN |
| Debtor, | ) | CHAPTER 13 |
| Teresa Renita Burwell, | ) | |
| Plaintiff, | ) | |
| Signature Real Estate Group, | ) | |
| Southern Nevada Eviction Services, | ) | |
| Att: Amberlea Davis, ~~Bar No. 11551~~, | ) | |
| ~~Triple E Properties~~, | ) | |
| Defendants | ) | |
| | ) | |

## DEBTOR'S ADVERSARY COMPLAINT FOR EXPEDITED RELIEF DUE TO UNLAWFUL EVICTION IN VIOLATION OF THE AUTOMATIC STAY PURSUANT TO 11 USC 362

**COMES NOW**, Teresa Renita Burwell, by and through her own counsel, does hereby submit this Adversary Complaint, pursuant to FRBP 7001 and Nevada Bankruptcy Code 11 USC 362, for expedited relief due to the unlawful eviction that was done in direct violation of the automatic stay, attached to the above-entitled case, when it was filed on May 22, 2023. The debtor / plaintiff asserts the following in support of the requested relief for actual and punitive damages.

### I-JURISDICTION

1. This is an adversary proceeding in which the plaintiff is seeking relief for actual and punitive damages.

2. The Court has jurisdiction pursuant to 28 USC 157 and 1334.

3. This is a core proceeding pursuant to 28 USC & 157, to include Bankruptcy Case Number 23-12054-MKN.

4. Plaintiff has standing cause to bring this action pursuant to Bankruptcy Code 11 USC ;362, FRCP Rule 4001, whereby the landlord and defendant in this case was permitted to file a proper motion with this Court regarding relief from the automatic stay that was in effect as of May 22, 2023, and FRCP Rules 7001-7087.

5. Venue is proper pursuant to 28 USC&1409(a) and Local Rule 7003 of the United States Bankruptcy Court for the District of Nevada.

## II BACKGROUND FACTS

6. Debtor/Plaintiff, Teresa Renita Burwell is a disabled citizen of the United States of America, pursuant to the Americans with Disabilities Act and Social Security Administration, and has been so since November,2009.

7. The debtor/plaintiff has been entitled to disability benefits effective November 2009 due to multi-level disc compromise.

8. The debtor/plaintiff from 2008-2021 has had 10 major spinal surgeries and over 45 outpatient surgeries.

9. On May 20, 2020, the debtor/plaintiff and her son took residence at 9344 Vista Waters Lane, Las Vegas, Nevada 89178.

10. During the highest peak of Covid-19, the debtor/plaintiff maintained her rental payments and was on time for over a year until she contracted Covid-19 herself and had a very hard time getting through it and recovering from it.

11. The debtor/plaintiff was left with long Covid symptoms that caused her shortness of breath and increased body aches and pain.

12. Upon not being able to meet the rent, the debtor/plaintiff applied for the Covid relief rental assistance program through the Clark County Social Services and was approved for rent payments.
13. Through the loss of income and employment, the debtor/plaintiff kept in contact with the landlord/defendant and always provided a plan of action to remedy past due and current rent.
14. The rent at 9344 Vista Waters Lane, Las Vegas, Nevada 89178 was $1,495, with sewer and trash added.
15. During the tenancy, the debtor/plaintiff and her son had numerous problems with getting repairs done and had to suffer the loss of food due to a refrigerator that wouldn't maintain proper cooling temperatures that would preserve their food. The landlord/defendants refused to remedy these concerns and was only concerned about rent payments.
16. The debtor/plaintiff went to pay rent at the end of November via the online portal and was met with an increase of rent. The rent was no longer $1,495, but $2,241.
17. The debtor/plaintiff lost her social security benefits due to the administration having the wrong work record, therefore, suspended her benefits as of January 1, 2023, which left her penniless and unable to pay her rent; which did increase above the legal 5% cap rent increase for Nevada.
18. Unfortunately CHAP assistance was denied on February 2, 2023.
19. The debtor started working a part-time job at the hospital and full time at the airport on February 26, 2023.
20. On March 6, 2023, sadly, the debtor/plaintiff had to take bereavement time off from the passing of her grandmother; at which time the landlord continued to post notices in lieu of being informed of the debtor/plaintiff's loss.
21. Due to stress and a greater scheduling demand at the hospital, the debtor/plaintiff had to resign from the airport job.
22. The debtor/plaintiff continued to seek rental assistance and followed the procedures required in order to appeal the denial from CHAP.

23. In April 2023, the debtor/plaintiff was notified that her social security benefits would be reinstated.

24. The debtor/plaintiff kept in constant communication with the landlord at all times.

25. The debtor/plaintiff informed the landlord that her benefits would be reinstated and if a payment plan could be set up. The landlord declined.

26. The debtor/plaintiff received a 7-day notice March 27,2023. She filed her answer, and a hearing was set for May 22, 2023.

27. During the hearing, the debtor/plaintiff attempted to provide the judge with evidence to support her defense and provide the court proof of applying for rental assistance but having been denied for one program and having been locked out of the system for the other program. However, the judge was both dismissive and rude, signaling no interest in what the debtor/plaintiff had endured this year and granted the summary eviction, despite the AB486 law.

28. In open court, the debtor/plaintiff requested a stay due to her disability and was denied and stated on the record, her intent to file bankruptcy relief.

29. On May 22, 2023, the debtor/plaintiff filed chapter 13 bankruptcy. Upon receiving the file stamped copy, she filed a copy with the Clark County Justice Court **(Exhibit 1)** and forwarded a copy to the landlord. **(Exhibit 2)**

30. At which time, the automatic stay went into effect and while the Justice Court sent the eviction order after the fact, the constable respected the automatic stay, and they did not post a 24 hour notice or perform a lock out.

31. On June 21, 2023, the debtor/plaintiff received a rather blunt email from the landlord regarding the water bill. After the debtor/plaintiff asked her not to be rude, the next day on June 22,2023 in retaliation a 30 day no cause was posted. **(Exhibit 3).**

32. The debtor/plaintiff responded with a request for 30 days pursuant to NRS 40.251 by letter and mailed it to the landlord return receipt. At which time, the landlord refused to accept the letter and

the debtor/plaintiff never received the green card for confirmation. The receipt and letter are attached as (**Exhibit 4**)

33. July 6, 2023, a motion was filed on behalf of the landlord, which was a request to have the summary eviction order re-issued. The motion was filed by an eviction service and mailed to the debtor/plaintiff in an untimely manner, delaying her ability to respond to the motion.

34. The motion filed was a direct violation of the debtor/plaintiff's right to the automatic stay. Both the landlord and eviction service were aware of the automatic stay and led the Justice Court On July 12, 2023, the Justice Court re-issued the eviction order.

35. On July 18, 2023, the debtor/plaintiff was illegally evicted despite the automatic stay being effective since May 22, 2023.

36. The parties involved used mischief and tactics causing the constable's office to be very rude and nasty. While the debtor/plaintiff attempted to get clarity as to why the automatic stay was now being ignored the workers at the constable's office were very evasive, refusing to even listen to the debtor/plaintiff. The debtor/plaintiff was talked to like a dog and hung up when she was only trying to understand how and why suddenly, the automatic stay was being ignored and violated by the posting of the 24-hour lock-out notice, which ultimately led to the debtor/plaintiff's eviction.

37. On July 18, 2023, the debtor/plaintiff was forced into homelessness. She is not only disabled but has a service animal for emotional support and a pet she took in for her grandson.

38. The debtor/plaintiff, her 2 dogs, and youngest adult son were forced into homelessness and it has caused a great deal of emotional and physical pain, in addition to embarrassment.

39. The damages set forth in this complaint could have been avoided had the defendants took the proper steps to legally evict.

40. At no time did the defendant complete or submit to the bankruptcy court the proof of claim form required for creditors, even though they were properly listed in the bankruptcy's credit matrix and /For such causes, the debtor/plaintiff is seeking $200,000 for actual and punitive damages.

## III COUNT I

## VIOLATION OF THE AUTOMATIC STAY PURSUANT TO BANKRUPTCY CODE 11 USC&362

41. The debtor/plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-41. On June 25, 2023, the defendants violated the bankruptcy code 11 USC 362 regarding the past due rent; by placing a 30 day no cause notice on the premises of 9344 Vista Waters Lane. The defendants willfully and maliciously pursued the debtor/plaintiff in the face of the debtor/plaintiff having filed a chapter 13 bankruptcy, which enforces an automatic stay on all collection efforts, and forbids the creditor to pursue, harass, or attempt collection efforts. In this case, the defendants failed to submit proof of claim in regard to the debt owed and obstructed the NRCP regarding seeking relief from automatic stays, by properly filing a Motion for relief of the stay. Instead, the defendants sought to back door the law and pursued the eviction even though they had proper notice since May 22, 2023, of an automatic stay being in place.

42. On July 6, 2023, the defendants solicited the aid of an eviction service, and again did willfully violate the automatic stay pursuant to Bankruptcy Code 11 USC 362 and filed a Motion with the Clark County Justice Court for re-issuance of an expired summary eviction order. **(Exhibit 5)** The defendants were so hell bent on having their way that they disregarded the laws set forth in NRCP 62, that specify any and all relief sought from stays must be made by filing a motion to the Court which holds jurisdiction. Pursuant to NRCP Rule 11 any relief a party is seeking must be done by submitting a complete and signed motion to the clerk of the Court where jurisdiction lies. The Clark County Justice Court did not have jurisdiction over the matter regarding the rent once the debtor/plaintiff filed for bankruptcy relief on May 22, 2023.

43. On July 12, 2023, the defendants were able to obtain a new order for summary eviction based upon frivolous information regarding the status of the debtor/plaintiff's bankruptcy. In Exhibit 5 a summary of the debtor/plaintiff's bankruptcies was provided to the Justice Court. However, the defendants and their counsel purposely omitted the status of the current bankruptcy case 23-

12054-MKN and left it blank, representing to the Court that it was closed. When in fact the above-named case was open, protection was still in place for the debtor/plaintiff despite the deficiencies in her case. The defendants violated NRCP Rule 11(b) by representing false information. "By presenting to the court a pleading, counter pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. ( c) Sanctions (1) In General, If, after notice and a reasonable opportunity to respond, the court determines that Rule 11 (b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

WHEREFORE, the debtor/plaintiff, Teresa Renita Burwell, respectfully requests that the Court, grant relief for actual and punitive damages, in the amount of $200,000; pursuant to the Bankruptcy Code of Nevada 1USC 362, for the unlawful removal and eviction of the debtor/plaintiff, Teresa Renita Burwell from the property, 9344 Vista Waters Lane, LV, NV 89178; where she was legally residing and protected under the Bankruptcy Code 11 USC, 362; where an automatic stay went into effect on May 22, 2023 at the time of filing. The defendants were given proper notice and acted willfully in

violation of the Bankruptcy Code set forth regarding automatic stays; and did not petition this court; whom had legal jurisdiction for the stay to be lifted, and for such other and further relief the Court deems appropriate. The debtor/plaintiff requests leave to amend this complaint. All exhibits will be provided in amended complaint due to time restraints.

~~IV DAMAGES~~ MB

~~The debotor/plaintiff has sustained the following damages:~~ MB

## IV DAMAGES

The debtor/plaintiff has suffered both actual and punitive damages. The mere fact of being forced into homelessness abruptly, without notice, and without the defendants taking the proper course of legal action through this Court to request relief from the automatic stay, thereby unlawfully evicted the debtor/plaintiff has caused her emotional distress, physical stress, social stress, and unnecessary job loss due to being homeless and not being able to provide shelter for her two pets.

Since July 18, 2023 the debtor/plaintiff has been homeless. She has lived from house to house, in a severe state of shock, depression, and sadness. The stress of having to even contemplate returning her two beloved pets back to the pound, to be put down has been both stressful and heartbreaking. The debtor/plaintiff has had to use her financial resources just to pay someone to care for the two pets being where she lives sometimes the household owners are not pet lovers. Then when the debtor/plaintiff is able to sleep at relatives the pets must be caged in like wild animals, which causes them all emotional distress due to the whimpers and whines the pets give out throughout the day.

While the debtor/plaintiff knows the rent was an issue. However, not only did she apply for assistance and give the defendants notice, but she filed Chapter 13 Bankruptcy, which gave her automatic relief pursuant to the BK Code 11 USC 362. In addition, the debtor/plaintiff is disabled and legally recognized as a protected person under the ADA.

The thrust into being on the street has caused the debtor/plaintiff emotional distress. Her blood pressure has been elevated since July 18, 2023; in addition she has lost weight rapidly due to the stress.

The plaintiff lost a second job due to not having adequate shelter for her pets and not being able to facilitate getting to training classes for Worldwide Flight Services because of not having proper housing and shelter for herself and pets.

For this cause the defendants should be liable for actual and punitive damages in the amount of $200,000 or what the Court deems appropriate.

Dated this 20th day of September 2023

Respectfully submitted by: *[signature]*

Teresa Renita Burwell

UNSWORN DECLARATION

**I DECLARE UNDER PENALTY OF PERJURY, THAT**

1. I am the debtor/plaintiff in the above-named case

2. That I am a citizen of the United States of America,

3. I have read the contents of the Adversary Complaint, and to the best of my ability have stated the facts and it is true and correct to the best of my knowledge, and for such other things as sayeth naught.

Signed in Clark County Nevada, on the 20th day of September 2023

*[signature]*

TERESA RENITA BURWELL/DEBTOR/PLAINTIFF

**CERTIFICATE OF SERVICE**

I, TERESA RENITA BURWELL, DO CERTIFY, that on the 20th day of September 2023 a true and correct copy of the Adversary Complaint, along with Adversary Packet, was placed in an envelope, AND placed in the U.S. postal service, postage pre-paid; addressed to the parties listed below:

Att: Vilma Thysol - Signature Real Estate Group
9525 Hillwood Drive #180
LV NV 89134

Southern Nevada Eviction Services
501 6th Street
Las Vegas, NV 89101

DATED THIS 20TH DAY OF SEPTEMBER 2023

SUBMITTED BY: _Teresa Renita Burwell_

TERESA RENITA BURWELL/DEBTOR/PLAINTIFF