MICHAEL E. STOBERSKI, ESQ.
Nevada Bar No. 004762
OLSON CANNON GORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, NV 89129
mstoberski@ocgas.com
T:  (702) 384-4012
F:  (702) 383-0701
Attorneys for Defendant
*Signature Real Estate Group*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE:<br><br>TERESA RENITA BURWELL,<br><br>Debtor.<br><hr>TERESA RENITA BURWELL,<br><br>Plaintiff,<br><br>vs.<br><br>SIGNATURE REAL ESTATE GROUP and SOUTHERN NEVADA EVICTION SERVICES,<br><br>Defendants. | BK NUMBER: 23-12054-mkn<br>CHAPTER 13<br><br>Adversary Proceeding No. 23-01129-mkn<br><br>**AMENDED JOINDER TO CREDITOR DEFENDANT SOUTHERN NEVADA EVICTION SERVICES' MOTION TO DISMISS**<br><br>Hearing Date: December 13, 2023<br>Hearing Time: 9:30 a.m. |

COMES NOW Defendant Signature Real Estate Group by and through its Counsel of Record MICHAEL E. STOBERSKI, ESQ., and ALEXANDER ADRIAN, ESQ., of the law firm of OLSON CANNON GORMLEY & STOBERSKI and hereby joins Creditor Defendant SOUTHERN NEVADA EVICTION SERVICES' MOTION TO DISMISS (pursuant to FRBP 5005(a) and 7003).

This joinder hereby adopts the same arguments and grounds filed in support of said Motion, additional argument presented in favor of dismissal herein, all papers and pleadings on file with the Court, and any and all oral argument and evidence the Court may allow at the time of the hearing on this Motion.

Dated this 30th day of November, 2023.

OLSON CANNON GORMLEY & STOBERSKI

  /s/ Michael E. Stoberski, Esq.
MICHAEL E. STOBERSKI, ESQ.
Nevada Bar No: 004762
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
Attorneys for Defendant
*Signature Real Estate Group*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

As indicated, *supra*, the immediate joinder submitted by Joining Defendant Signature Real Estate Group ("Joining Defendant") seeks to join the arguments presented by Co-Defendant Southern Nevada Eviction Services ("SNES") which seek procedural dismissal of Plaintiff Teresa Renita Burwell's ("Plaintiff Debtor") immediate adversary action. As noted by Defendant SNES, the immediate adversary action was filed on September 20, 2023, fourteen days after the Plaintiff Debtor's bankruptcy action was dismissed by this Court (Case No. 23-12054-mkn; referenced in shorthand herein as "23-12054") on September 6, 2023. Under the United States Federal Rules of Bankruptcy Procedure, Plaintiff Debtor lacks standing to assert an adversary complaint as there is no active bankruptcy action from which the adversary action stems. *See*, FRBP 5005(a) and FRBP 7003.

Joining Defendant joins SNES's motion to provide additional consideration for the Court's review; namely, that even if the Bankruptcy Court found that it has jurisdiction to entertain the immediate adversary action, Plaintiff fails to state a claim for punitive and actual damages (as pursuant to 11 U.S.C. § 362(k)(1)) as the procedural history of this controversy establishes that there was no automatic stay in place under 11 U.S.C. § 362(a) at the time of Plaintiff Debtor's eviction. As will be discussed in greater detail hereunder, Plaintiff Debtor filed a separate bankruptcy action in January of 2023 (Bankruptcy case No. BK-23-10056-mkn, referred to hereunder in shorthand as "23-10056").

By operation of 11 U.S.C. § 362(c)(3)(A), the automatic stay triggered by the subsequent bankruptcy filing 23-12054, on May 22, 2023, was set to expire 30 days after the filing of the initial petition. While 11 U.S.C. § 362(c)(3)(b) provides leeway if a party in interest files a motion for a continuance of the stay upon notice to the parties and upon hearing to be held prior to the expiration of the automatic stay, Plaintiff Debtor waited until after the date the automatic stay was set to expire (June 21, 2023), after the Las Vegas Justice Court issued its renewed summary eviction order (and service of the same to the Constable) (July 12, 2023) and a day before the summary eviction was effectuated (July 17, 2023) to file her emergency motion for a stay with this Court,[1]

As discussed in greater detail hereunder, this emergency motion filed by Plaintiff Debtor did not revive the automatic stay under 11 U.S.C. § 362(a) which had expired on June 21, 2023. Thus, the Defendants acted in lawful accord with the summary eviction order issued by the Las Vegas Justice Court on July 12, 2023. Thus, there is no set of facts which would entitle Plaintiff

---

[1] …without any notice rendered to the Defendants of the emergency motion for a stay in the bankruptcy proceeding. The emergency Motion was filed *ex-parte*, requested that no hearing be held, and lacked a certificate of service affirming that requisite notice under 11 U.S.C. 362(c)(3)(B) was effectuated…

3

Debtor to punitive damages under 11 U.S.C. § 362(k)(1) as there was no "willful violation" of a stay by virtue of the fact that there <u>was no stay in effect</u> at the time of the eviction. Thus, Plaintiff Debtor is not entitled to the $200,000.00 in actual and punitive damages she seeks, and the Court must dismiss the adversary action accordingly.

## II.

## **LEGAL ARGUMENT**

As noted in the Creditor's Motion, Plaintiff Debtor brought the immediate adversary action well after her pending bankruptcy action had been dismissed. Under the Federal Rules of Bankruptcy Procedure, "Rule 5005(a) requires that the complaint commencing an adversary proceeding be filed with the court in which the case under the Code is pending unless 28 U.S.C. § 1473 authorizes the filing of the complaint in another district."

Plaintiff Debtor has not filed the instant adversary action as an appeal from the Court's dismissal as per FRBP §§§ 8002, 8003, 8004, and 28 USC §§ 1930(b) and (c); instead this is a separate action for damages. Indeed, Plaintiff Debtor herself admits that there were "deficiencies" in her bankruptcy action and does not contest its dismissal.[2] However while this concession is accurate, Plaintiff Debtor fails to provide this Court with the full story.

The stay that Plaintiff Debtor is referring to presumptively arises from the filing of a voluntary bankruptcy petition in Case No. 23-12054-mkn, which was filed on May 22, 2023, at 3:46 P.M. as a Chapter 13 bankruptcy. (Exhibit "A" Voluntary Petition 23-12054) This bankruptcy filing was submitted just over one hour after the Court had issued an Order for Summary Eviction (Exhibit "B" Las Vegas Justice Court Docket Summary Case No.

---

[2] It should be noted that while dismissal was granted on grounds that Plaintiff failed to abide by procedural requirements regarding proposed schedules, the bankruptcy itself was filed as a response to the Las Vegas Justice Court's grant of summary eviction as explained hereunder, and the adversary action complaint itself is an attempt to seek recompense from both the lawful eviction and the Court's dismissal of the bankruptcy action.

4

23E011552l; Exhibit "C" Order Regarding Motion to Stay).[3] Plaintiff Debtor explains that she had requested "a stay due to her disability and was denied and stated on the record, her intent to file bankruptcy relief." (Adversary Complaint ¶ 28).

Plaintiff claims that upon her filing of the appropriate bankruptcy documents with notice to the "Clark County Justice Court" (*Id*. ¶ 29) an automatic stay under 11 U.S.C. § 362 went into effect "and while the Justice Court sent the eviction order after the fact, the constable respected the automatic stay, and they did not post a 24-hour notice or perform a lock out. (*Id*. ¶ 30). While Joining Defendant (at this time) is without sufficient information or belief as to the exact details of why the Constable did not enforce the summary eviction order, Plaintiff Debtor is incorrect that the mere filing of bankruptcy established an interminable automatic stay.

11 U.S.C. § 362(a) generally governs that an automatic stay is in effect upon the filing of a petition under Section 301, 302, or 303 of Chapter 11 (11 U.S.C. § 362(a)) and remains in effect until:

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer part of the estate;

(2) the stay of any other act under subsection (a) continues until the earliest of:
    A.    the time the (bankruptcy) case is closed;
    B.    the time the (bankruptcy) case is dismissed; or
    C.    if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, 13 of this title, the time a discharge is granted or denied.

(11 U.S.C. § 362(c)(1)(2))

However, Plaintiff Debtor ignores or is seemingly unaware of the provisions of the very next subpart of this subsection of the chapter, 11 U.S.C. § 362(c)(3) which holds, in relevant part, that:

---

[3] The Court should take note that the hearing master specifically issued its order in handwritten form noting "[x] Denied-Summary eviction issued May 22, 2023 at 2:22pm. Tenant filed bankruptcy on May 22, 2023 at 3:46 pm."

5

(3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease **shall terminate with respect to the debtor on the 30th day after the filing of the later case**;

Plaintiff Debtor's Complaint neglects to mention that her bankruptcy action at issue here (Case No. 23-12054-MKN) is not the first bankruptcy action that she has filed in the calendar year of 2023. Plaintiff filed a voluntary petition of bankruptcy on January 9, 2023, which was marked a Chapter 7 Bankruptcy on the applicable form which triggered bankruptcy action No. BK-23-10056-mkn (Exhibit "D" Voluntary Petition Filing, 23-10056).

After a Motion by the United States Trustee to Deny Debtor (Plaintiff Debtor's) Discharge was granted on March 15, 2023 (with the Order entered on March 16, 2023), the Bankruptcy Court for the District of Nevada discharged the trustee on April 17, 2023, and closed the Bankruptcy action. (Exhibit "E" Order Closing 23-10056). Thus, for the period of January 3, 2023, between April 17, 2023, under 11 U.S.C. §§ 362(c)(2)(A)(B), there was an automatic stay in place that preceded the filing of 23-12054.

Case 23-12054 was filed on May 22, 2023 (Exhibit "F" 23-12054 Docket History)—again, as a response to the Las Vegas Justice Court's order granting summary eviction. This represents a second bankruptcy filing in the calendar year, which means that 11 U.S.C. § 362(3)(a) governs the timeline for any subsequent automatic stay triggered by the subsequent bankruptcy action under 11 U.S.C. § 362(a). This is further established by virtue of the fact that 23-12054 was a separate Chapter 13 filing and not a refiling under the previous Chapter 7 23-10056 filing. Because there was no motion for a continuation of the automatic stay filed in either 23-12054 or 23-10056, 11 U.S.C. § 362(b) does not apply to afford Plaintiff Debtor any relief

from the effect of 11 U.S.C. § 362(c)(3)(a) which holds that that the automatic stay was set to terminate on the 30th day after the filing of 23-12054, or June 21, 2023.

Thus, the automatic stay from 23-10056 was not in effect when the Las Vegas Justice Court issued its Initial Order for Summary Eviction on May 22, 2023, (see, Exhibit B"). To the extent that the filing of bankruptcy in 23-12054 triggered the stay prior to service of the eviction order to the constable on May 23, 2023 (See, *Id*.): 1) the Las Vegas Justice Court was not notified of the subsequent bankruptcy action until July 17, 2023 (See, *Id*.); 2.) even considering that the filing of 23-12054 triggered an automatic stay by function of 11 U.S.C. § 362(a), this did not mean that the automatic stay would remain in effect until the dismissal of 23-12054 on September 6, 2023.

The automatic stay had expired by operation of 11 USC § 362(c)(3)(a) on June 21, 2023, without a request for extension from Plaintiff Debtor prior to the expiration. Instead, on July 17, 2023, the day before the summary eviction was effectuated, Plaintiff Debtor filed an "Ex-Parte Motion for an Emergency Stay of Eviction" (which specified that no hearing was requested) (Exhibit "G" Motion for Emergency Stay). On July 27, 2023, the Bankruptcy Court initially issued an order granting the emergency stay in error, stating:

> 1. that the scheduled lockout be stayed immediately until the creditor, Signature Real Estate Group files the required notices and motions to seek proper relief of the automatic stay that the Bankruptcy Code 11 USC&362 outlines.

(Exhibit "H" Order Granting Emergency Stay)

On subsequent revision, the Bankruptcy Judge denied the emergency Motion as follows:

> DENIED because there is no evidence of notice being given to the identified landlord. Denial is without prejudice to any other relief being sought on proper notice in the event that the automatic stay has been violated.

The lingering reference to violation of the automatic stay is problematic for two reasons. 1. Under the Las Vegas Justice Court Docket for Case No. 23E011552 (Exhibit "B"), the

7

Summary Eviction order was renewed on July 12, 2023, and the eviction order was sent to the constable the same day. (See, Exhibit "B") This occurred *before* Plaintiff Debtor filed her emergency motion to stay with the bankruptcy court (July 17, 2023); before the Plaintiff Debtor filed notice of Chapter 13 Bankruptcy with the Justice Court and documents in support of the same therewith (also on July 17, 2023); before the eviction was effectuated (July 18, 2023) and before the Bankruptcy Court issued its Order on July 27, 2023 – thus, the relief sought was curative rather than prophylactic as intended by the Court based on Plaintiff Debtor's representations and;

2. with all respect to the Bankruptcy Court, the Plaintiff Debtor's motion for emergency relief did not outline that she had previously filed for bankruptcy under Chapter 7 in the same calendar year, and it appears that the Bankruptcy Court for the District of Nevada did not consider this fact as there does not appear to be any mention of the timeline of expiration of the automatic stay as established by 11 U.S.C. § 362(c)(3)(a (e.g. that the automatic stay under 11 USC § 362(a) would expire 30 days after the May 22, 2023, filing of 23-12054).

In other words, the burden was not upon the creditors to seek relief from a stay that had automatically expired before eviction was effectuated. Instead, the burden was on Plaintiff Debtor to timely seek relief from the expiration of her second automatic stay and the Court's July 27, 2023, order requiring the creditors to seek relief from the stay was in error as the stay had already expired (this is true even as to a lockout effectuated pursuant to a lawful summary eviction). 11 U.S.C. 362(c)(3)(B) states that:

> on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) **after notice** and a hearing completed **before the expiration of the 30-day period** only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed.

8

*Id.* (emphasis added)

Plaintiff Debtor's Motion was submitted *ex-parte* with "no hearing requested" and no certificate of service denoting prior notice to the creditors or trustee.[4] Thus, the matter was decided by the Bankruptcy Court for the District of Nevada without prior notice, without hearing, and after the procedural expiration of the automatic stay originating from Plaintiff Debtor's subsequent bankruptcy action without a timely prior motion for an extension from Plaintiff Debtor, and after the eviction had been effectuated (without prior notice of the emergency motion for relief or opportunity to respond). As an additional consideration, the protections of 11 U.S.C. § 362 require a showing of good faith to the creditors.

Upon review of the procedural history of both 23-12054, 23-10056, and the underlying eviction action in Case No. 23E011552, each of Plaintiff debtor's actions in these consolidated actions has been responsive to her own failures to timely act in good faith to satisfy her tenant obligations and her obligations as a debtor filing for bankruptcy. 23-12054 was filed as a direct response to the Las Vegas Justice Court's grant of summary eviction (within hours), and the July 17, 2023, emergency motion for a stay in 23-12054 was triggered by the Justice Court's renewal

---

[4] Upon review of the docket, there are six (6) items between the July 17, 2023, Ex-Parte Emergency Motion to Stay Eviction and the July 27, 2023, order granting the same, and none appear to relate to a required filing giving notice to the parties that the emergency relief was requested, contemplated or set for hearing as required by 11 USC 362(c)(3)(b):

27. 7-21-23 Trustee's Motion to Dismiss Case
28. 7-21-23 Notice of Hearing Date 07/17/2023 Hearing Time 2:00PM (Motion to Dismiss Case filed by Trustee)
29. 7-23-23 Notice of Requirement to file Certification About a Financial Management Course (notice given to debtor pursuant to 11 USC 727(a)(11), 11 USC 1328(g)(1), FRBP 1007(b)(7) and 3004(c)(1)(H).
30. 7-24-23 Notice of Docketing Error (Motion to Dismiss Case filed by Trustee)
31. 7-24-23 Hearing Scheduled/Rescheduled to 8-17-23 at 2pm (Motion to Dismiss Case filed by Trustee)
32. 7-26-23 BNC Certificate of Notice (Related document 29 Notice of Requirement re: Financial Management Course)
33. 7-27-23 Order issuing Stay of Lockout.

Thus, it does not appear—from the record—that the Defendants had any prior notice of the emergency motion, nor an opportunity to respond.

9

of its' summary eviction order (with the Plaintiff Debtor waiting until that day to inform the Court of the existence of 23-12054 which had been filed on May 22, 2023, 56 days prior).

These actions were not undertaken by the Plaintiff Debtor in a good faith effort to demonstrate a willingness and capacity to meet her bankruptcy obligations, they were stall tactics intended to delay her eviction. Indeed, 23-12054 was ultimately dismissed on September 6, 2023, (Exhibit "I" Order Granting Dismissal of 23-12054) on grounds that Plaintiff Debtor failed to satisfy her obligations under 11 U.S.C. §§ 1307, 1321, and 1326, requiring her to timely submit a plan for timely repayments as a good faith showing that Plaintiff Debtor would satisfy her obligations under her bankruptcy action. (Exhibit "J" Chapter 13 Trustee's Motion to Dismiss Bankruptcy Proceeding).[5]

Because Plaintiff failed to issue notice of an emergency motion for a stay of eviction and lockout to the landlord; because a hearing was not held on the matter; because Plaintiff Debtor failed to demonstrate that the subsequent Bankruptcy action was raised in good faith to the creditors, and was not a stall tactic; and because the automatic stay triggered by 11 U.S.C. § 362 had procedurally expired on June 21, 2023, without a prior motion for continuance prior to expiration[6], the eviction effectuated by the Creditor Defendants per the authority of the Las Vegas Justice Court on July 18, 2023, was lawful and did not violate any provision of the bankruptcy code such as to warrant actual and/or punitive damages under 11 U.S.C. § 362(k)(1) as against any Defendant as there was no automatic stay in place at the time of said eviction and—thereby—no "willful violation of a stay provided by (11 U.S.C. § 362) this section". 11 U.S.C. § 362(k)(1).

---

[5] It should also be noted that Plaintiff debtor had every opportunity to seek relief through an adversary action while the bankruptcy action was still pending. Instead, the immediate action was not filed until September 20, 2023. 14 days *after* the dismissal of 23-12054, in violation of FRBP 5005(a) and 7003.

[6] …30 days after the May 22, 2023, filing of the voluntary petition in 23-12054, June 21, 2023…

### III.

### **CONCLUSION**

Because this adversary action was filed well after the underlying bankruptcy action (23-12054) was dismissed there is no basis for the filing of this adversary action and this Court does not have jurisdiction to hear this matter. See, FBPR §§ 5005(a), 7003. To the extent that the Court finds that it may retain jurisdiction over this matter, there is no basis for punitive or actual damages actual and punitive damages under 11 USC § 362(k)(1) as the automatic stay had expired pursuant to 11 U.S.C. § 362(c)(3)(A) well prior to the summary eviction effectuated on July 18, 2023, on Court order issued by the Las Vegas Justice Court on July 17, 2023. Therefore, Joining Defendant Signature Real Estate Group respectfully requests that this Court grant Southern Nevada Eviction Services District Court's Motion to Dismiss and Grant Joining Defendant Signature Real Estate Group any additional relief as the Court deems appropriate.

DATED this 30th day of November, 2023.

OLSON CANNON GORMLEY & STOBERSKI

   /s/ Michael E. Stoberski, Esq.
MICHAEL E. STOBERSKI, ESQ.
Nevada Bar No: 004762
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
Attorneys for Defendant
*Signature Real Estate Group*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of November, 2023, I sent a true and correct copy of the above and foregoing **AMENDED JOINDER TO CREDITOR DEFENDANT SOUTHERN NEVADA EVICTION SERVICES' MOTION TO DISMISS** to the parties listed below via the Bankruptcy Court's e-filing system:

Teresa Renita Burwell
9344 Vista Waters Lane
Las Vegas, NV 89178
Debtor/Plaintiff in *pro per*
**(Not on eservice list so mailed)**

Dylan Hansel, Esq.
501 S. 6th Street
Las Vegas, NV 89101
Attorney for Defendant
Southern Nevada Eviction Services

                        */s/ Lisa Rico*
An Employee of OLSON CANNON GORMLEY & STOBERSKI

*Law Offices of*
**OLSON CANNON GORMLEY & STOBERSKI**
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Fax (702) 383-0701