# EXHIBIT "G"

Teresa Renita Burwell, 9344 Vista Waters Lane, Las Vegas, NV 89178 (702)810-2307, hisgracemyfavor@yahoo.com

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

IN RE: Teresa Renita Burwell )    Chapter 13
) 
)    **CASE NO: 23-12054-mkn**
Debtor, )
)    NO HEARING REQUESTED
)

**EX PARTE**

## DEBTOR, TERESA RENITA BURWELL'S EMERGENCY MOTION TO STAY EVICTION PURSUANT TO BANKRUPTCY CODE 11 USC&362

**COME NOW, debtor,** Teresa Renita Burwell, by and through her own counsel, does hereby petition this Honorable Court to stay all eviction attempts that the landlord, Signature Real Estate Group, and its affiliates have pursued and in violation of the Bankruptcy Code, 11 USC &362. The debtor states the following:

### MEMORANDUM OF POINTS AND AUTHORITIES

### I HISTORY OF CASE

1. On May 22, 2023, hearings officer David Brown, dismissed the debtor/tenant's evidence of having sought rental assistance through the CHAP program, and in direct violation of AB486 **(EXHIBIT 1)**

2. Any tenant before the Court, and having a pending CHAP application, shall have an automatic stay granted, which is the exhibit provided. A known case where the tenant had a pending CHAP application and was granted an automatic stay.

3. However, in the case of the debtor, Teresa Renita Burwell, the bias and double standard availed, and a summary eviction request was granted.

4. On May 22, 2023, the debtor, Teresa R Burwell, filed in Bankruptcy Court, chapter 13. Her bankruptcy case was opened before any orders were signed and filed.

5. On May 22, 2023, at 4:45 pm, the debtor, Teresa Renita Burwell in the presence of her son, filed a true and correct copy of the proof of bankruptcy filing with the Clark County Justice Court. (**Exhibit 2**)

6. On May 22, 2023, at 5:15 pm the debtor, Teresa Renita Burwell provided the Constable's Office the same, a copy of the filed Motion to Stay, which was only designed to put the Justice Court on notice. The tenant never expected to get a Stay due to the circumstances surrounding the actual summary eviction court date. Nonetheless, filed it to prevent a lock out occurring.

7. From May 22, 2023, to present, the debtor, Teresa Renita Burwell and her son have been harassed with scare tactics, and continual notice postings.

8. The debtor, Teresa Renita Burwell, made note early on that there were two court case numbers for the same summary eviction and noted such on the FILED paperwork, with the Clark County Justice Court.

9. Upon a person filing for bankruptcy, the bankruptcy court has full jurisdiction of the debtor's filings, financial interests, creditor claims, and requests for relief.

10. In this case, the meeting of the creditors was held July 11, 2023, at which time the landlord, Signature Real Estate Group had not completed a proof of claim, nor filed one. Signature Real Estate Group was not present at the meeting of the creditors either and has shown no interest and activity but with the Court whom 1. Has no jurisdiction 2. Will be willing to dismiss the rules of civil procedure.

11. At no time has Signature Real Estate Group filed with the bankruptcy Court any motions or requests for relief from the automatic stay.

12. Present day, Signature Real Estate Group insists on violating Bankruptcy Code 11 USC & 362 by continued collection and eviction efforts; all while refusing to seek relief from the proper and Court with jurisdiction.

13. The debtor, Teresa Renita Burwell, has still a pending CHAP application. Her son has applied for a grant to assist with the back rent, and received an email requesting address information for payment of such.

14. The debtor is aware of the need to pay rent. However, her situation has been very dire and difficult. The rent was increased December 2022 to $2,241; at which time social security benefits were suspended but have been reinstated.

15. The justice court hearings officer for reasons of bias and prejudice, refused to hear the debtor's defenses.

16. While a stay does not vacate the responsibility of rent. It does, however, provide some relief and protection.

17. Which in this case, the debtor, Teresa Renita Burwell, filed a bankruptcy chapter 7 in January which was premature; and subsequently she filed a chapter 13 May 22, 2023; which puts an automatic stay into effect immediately for all creditors.

18. The Clark County Justice Court was given proper notice of the bankruptcy filing on May 22, 2023 by means of a filing done in person and online through their e-file service.

19. All attempts to evict the debtor, Teresa Renita Burwell were and have been stayed, until an eviction service filed a Motion the debtor, Teresa Renita Burwell did not have proper notice to answer or file an opposition in response to.

20. On July 12, 2023 the Justice Court re-issued a summary eviction order, after having the bankruptcy information being filed and noted. However, someone in the Clark County Justice Court deleted the history for the summary eviction case, to have it appear as if proper notice wasn't given when two things occurred. 1. A filing with the Bankruptcy Court information was taken in person on May 22, 2023 at around 4:45 pm, 2. The attached order denying the stay signifies the court is

aware of a bankruptcy court filing due to the same judge's signature being on both the order and re-issued summary eviction order. **(Exhibit 3)**

## II CONCLUSION

The landlord and creditor, Signature Real Estate Group has the right to seek rent payments and remedy. However, the bankruptcy code 11USC &362 provides that all action(s) to collect must be halted, or in other words, stayed. The only way to remedy an automatic stay is to seek relief from the presiding court, with jurisdiction by means of a motion, and upon a hearing being set, proceedings are governed as such. The creditor and landlord, Signature Real Estate Group at no time has sought relief from the automatic stay and has instead relied on the tactics of mischief and falsifying records to seek an illegal lockout and eviction.

For this cause, debtor, Teresa Renita Burwell, seeks an emergency stay from this Honorable Court, not to vacate the rent owed, but to remedy the existence of her being illegally evicted due to the reliance on the Justice Court, whom has no jurisdiction over this matter, being that Signature Real Estate Group is listed as a creditor in BK case 23-12054-mkn. That Signature Real Estate Group be made to follow the correct process by filing for such relief with this Honorable Court. That the lockout order be vacated immediately.

Dated this 17th day of July 2023

Respectfully submitted by: _[signature]_

II THE LAW AS IT APPLIES

BANKRUPTCY CODE 11 USC&362

Back to List of exhibits

# Exhibit 2

# Order Denying Summary Eviction

EXHIBIT C

JUSTICE COURT, LAS VEGAS TOWNSHIP

CLARK COUNTY, NEVADA

| | |
|---|---|
| Signature Real Estate Group,<br>Landlord(s)<br><br>vs.<br><br>Teresa R Burwell; Trevon Latchinson,<br>Tenant(s) | CASE NO.: 23E011552<br>DEPT. NO.: JC CIVIL EVICTIONS<br><br>ORDER REGARDING<br>MOTION TO STAY |

This matter came before the Court on the Tenant's Motion to Stay Order For Summary Eviction. The Court has reviewed the pleadings and documentation on file herein and finds as follows:

**IT IS HEREBY ORDERED:**

☐ The Motion is GRANTED. The eviction order entered herein is stayed until the ____ day of _____, 20___, at the hour of _____ ___.m.

☐ The Motion is GRANTED. The eviction is stayed pending hearing on Tenant's Motion to Set Aside Summary Eviction.

☐ The Motion is GRANTED. The eviction is stayed pursuant to AB 486 based upon Tenant's pending rental assistance application. Tenant submitted a completed application on _____. Clark County Social Services is currently reviewing applications that were completed on _____. The Landlord may pursue this action through a Motion to Place to on calendar filed after _____. Motions filed before this date may be summarily denied. If Landlord receives rental assistance payment on behalf of Tenant, Landlord must file a motion to rescind the summary eviction order and dismiss the case.

☐ The Motion shall be heard on the ____ day of _____ 20___ at _____ ___.m. in Courtroom ____, Regional Justice Center, 200 Lewis Avenue, Las Vegas, NV 89155. The eviction is stayed pending hearing.

☐ The Motion is DENIED. The Tenant is not eligible for an affirmative defense or stay of case pursuant to AB 486. The Court finds the Tenant does not have a "pending application for rental assistance" as defined in Section 2 of AB 486 as the application was not submitted in good faith, is not being actively pursued, or the Court has verified there is no pending application.

☐ The Motion is DENIED. The Court finds no good cause to stay execution of the summary eviction order.

☐ The Motion is DENIED. This Motion is not the proper method of challenging the basis for the eviction order.

☐ The Motion is DENIED. The maximum statutory stay period of ten (10) days has already expired since the date of the eviction order.

☐ The Motion is DENIED. The motion is moot as the summary eviction order has been set aside.

☐ The Motion is DENIED. The Tenant has already filed a Motion to Stay asserting the same grounds that has been ruled upon. Successive filings are not authorized pursuant to LVJCLRP 6.4(e).

DATED this 23rd day of May, 2023.

☑ Denied - Summary
eviction issued May 22, 2023
at 2:22 PM. Tenant
filed bankruptcy on May 22, 2023
at 3:46 PM.

_____
Amy Ferreira
HEARING MASTER

Case Number: 23E011552

Case 23-01254-mkn Doc 267 Entered 07/13/23 15:59:42 Page 8 of 14

Las Vegas Justice Court
Electronically Filed
5/24/2023 8:01 AM
Cynthia Cruz
CLERK OF THE COURT

# JUSTICE COURT, LAS VEGAS TOWNSHIP

# CLARK COUNTY, NEVADA

| Signature Real Estate Group, Landlord(s) | CASE NO.: 23E011552 |
|---|---|
| | DEPT. NO.: JC CIVIL EVICTIONS |
| vs. | |
| Teresa R Burwell; Trevon Latchinson, Tenant(s) | ORDER REGARDING MOTION TO STAY |

This matter came before the Court on the Tenant's Motion to Stay Order For Summary Eviction. The Court has reviewed the pleadings and documentation on file herein and finds as follows:

**IT IS HEREBY ORDERED:**

☐ The Motion is GRANTED. The eviction order entered herein is stayed until the _____ day of _____, 20___, at the hour of _____ ___.m.

☐ The Motion is GRANTED. The eviction is stayed pending hearing on Tenant's Motion to Set Aside Summary Eviction.

☐ The Motion is GRANTED. The eviction is stayed pursuant to AB 486 based upon Tenant's pending rental assistance application. Tenant submitted a completed application on _____. Clark County Social Services is currently reviewing applications that were completed on _____. The Landlord may pursue this action through a Motion to Place to on calendar filed after _____. Motions filed before this date may be summarily denied. If Landlord receives rental assistance payment on behalf of Tenant, Landlord must file a motion to rescind the summary eviction order and dismiss the case.

☐ The Motion shall be heard on the _____ day of _____ 20___ at _____ ___.m. in Courtroom _____, Regional Justice Center, 200 Lewis Avenue, Las Vegas, NV 89155. The eviction is stayed pending hearing.

☐ The Motion is DENIED. The Tenant is not eligible for an affirmative defense or stay of case pursuant to AB 486. The Court finds the Tenant does not have a "pending application for rental assistance" as defined in Section 2 of AB 486 as the application was not submitted in good faith, is not being actively pursued, or the Court has verified there is no pending application.

☐ The Motion is DENIED. The Court finds no good cause to stay execution of the summary eviction order.

☐ The Motion is DENIED. This Motion is not the proper method of challenging the basis for the eviction order.

☐ The Motion is DENIED. The maximum statutory stay period of ten (10) days has already expired since the date of the eviction order.

☐ The Motion is DENIED. The motion is moot as the summary eviction order has been set aside.

☐ The Motion is DENIED. The Tenant has already filed a Motion to Stay asserting the same grounds that has been ruled upon. Successive filings are not authorized pursuant to LVJCLRP 6.4(e).

DATED this 23rd day of May, 2023.

_____
Amy Ferreira
HEARING MASTER

☑ Denied - Summary eviction issued May 22, 2023 at 2:22 PM. Tenant filed bankruptcy on May 22, 2023 at 3:46 PM.

0003

AMBERLEA DAVIS., BAR NO. 11551
SOUTHERN NEVADA EVICTION SERVICES
501 S. 6th STREET
LAS VEGAS, NV 89101
TELEPHONE: (702) 380-4274
adavis@vegas-evictions.com
*Attorney for Plaintiff*

IN THE JUSTICE COURT OF LAS VEGAS TOWNSHIP

COUNTY OF CLARK, STATE OF NEVADA

SIGNATURE REAL ESTATE GROUP,

    Plaintiff,

vs.

;A BURWELL; TREVON LATCHINSON
ALL OCCUPANTS

    Defendants

CASE NO. 23E011552

DEPT. JCE

### PLAINTIFF'S MOTION TO RE-ISSUE ORDER FOR SUMMARY EVICTION

Plaintiff SIGNATURE REAL ESTATE GROUP requests that the Court re-issue an Order for Summary Eviction in this case as the order has gone stale.

This Motion is made and based upon the attached memorandum of points and authorities filed and served herewith, the pleadings and papers on file with this Court and the argument of counsel at the hearing on this matter.

DATED July 6, 2023.

RESPECTFULLY SUBMITTED:

/s *Amberlea Davis*

BY: _____
AMBERLEA DAVIS #11551
501 S. 6th St. Las Vegas, NV 89101
TELEPHONE: (702) 380-4274
Attorney for Plaintiff

1

For the foregoing reasons, Plaintiff requests that the Court re-issue an Order for Summary Eviction in the instant case.

DATED July 6, 2023.

RESPECTFULLY SUBMITTED:

/s *Amberlea Davis*

BY: _____

AMBERLEA DAVIS NV BAR 11551
501 S. 6th StreetLas Vegas, NV 89101
TELEPHONE: (702) 380-4274
*ATTORNEY FOR PLAINTIFF*

Back to List of exhibits

# Exhibit 1

# 2023-07-06 Bk cases Burwell

# Select a Case

There were 5 matching persons.

There were 7 matching cases.

| Name | Case No. | Case Title | Chapter / Lead BK case | Date Filed | Party Role | Date Closed |
|---|---|---|---|---|---|---|
| BURWELL, TERESA (pty) (2 cases) | 15-14405-mkn | TERESA RENITA BURWELL | 7 | 07/31/15 | Debtor | 04/05/22 |
| | 18-01030-mkn | BURWELL v. MEADOW MESA APARTMENTS, L.P. et al | *Lead BK:* 15-14405-mkn TERESA RENITA BURWELL | 04/06/18 | Plain | |
| BURWELL, TERESA RENITA (pty) (1 case) | 09-10040-mkn | TERESA RENITA BURWELL | 7 | 01/05/09 | Debtor | 10/23/09 |
| BURWELL, TERESA RENITA (pty) (1 case) | 19-11354-mkn | TERESA RENITA BURWELL | 13 | 03/11/19 | Debtor | 07/08/19 |
| BURWELL, TERESA RENITA (pty) (2 cases) | 23-10056-mkn | TERESA RENITA BURWELL | 7 | 01/09/23 | Debtor | 04/17/23 |
| | 23-12054-mkn | TERESA RENITA BURWELL | 13 | 05/22/23 | Debtor | N / A |
| BURWELL, TERESA RENITA (pty) (1 case) | 19-13836-mkn | TERESA RENITA BURWELL | 13 | 06/17/19 | Debtor | 12/27/19 |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/06/2023 15:02:42 | | | |
| **PACER Login:** | amberleadavis | **Client Code:** | |
| **Description:** | Search | **Search Criteria:** | LName: Burwell FName: teresa |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

List of exhibits

|   | Description | Pages |
|---|---|---|
| 1 | 2023-07-06 Bk cases Burwell | 0001-0002 |
| 2 | Order Denying Summary Eviction | 0003 |

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO RE-ISSUE ORDER

## I.

## FACTUAL BACKGROUND

On April 19, 2023, Plaintiff filed his Affidavit of Complaint for Summary Eviction. At a hearing on May 22, 2023 an Order for Summary Eviction was granted at 2:22 pm. Tenant Burwell the bankruptcy filed for Chapter 13 protection at 3:46 pm in case 23-12054-mkn. This most recent case was Tenant Burwell's 7th bankruptcy case. [Exhibit 1, List of Bankruptcy Cases] In January 2023, Tenant Burwell had sought Chapter 7 protection in case 23-10055 but due to her receipt of a discharge in a prior cases was ineligible for a discharge and was closed on April 17, 2023. Immediately after filing the eviction, Tenant filed a motion to stay the eviction and the next day Tenant filed documents in support of her motion. On May 24, 2023, Hearing Master Ferreira denied Tenant's motion to stay, deciding that the bankruptcy was subsequent to the order for eviction. [Exhibit 2, Order] The Order for Summary Eviction was again sent to the constable, however, the Constable refused to evict the Tenants citing notice of bankruptcy. The Tenants remains in the property. Since more than thirty days have passed since the original Order for Summary Eviction was issued, the Constable will not re-attempt lock-out without a new order from this Court.

## II.

## LEGAL ARGUMENT

Plaintiff is requesting the Court re-issue an Order for Summary Eviction, and forward it to the Las Vegas Constable, so that the lock-out can occur. The May 30th Order has become stale. The situation was not caused by any negligence or inaction by Plaintiff and therefore re-issuing an Order for Summary Eviction would be in the interest of Justice.