Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
February 05, 2024

___

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| In re:<br><br>TERESA RENITA BURWELL,<br><br>Debtor. | Case No.: 23-12054<br><br>Chapter 13 |
| TERESA RENITA BURWELL,<br><br>Plaintiff,<br><br>vs.<br><br>SIGNATURE REAL ESTATE GROUP; SOUTHERN NEVADA EVICTION SERVICES,<br><br>Defendants. | Adv. Proc. No.: 23-01129<br><br>Date:  December 13, 2023<br>Time:  9:30 a.m. |

**ORDER ON MOTION TO DISMISS[1]**

On December 13, 2023, the court heard the Motion to Dismiss brought by Southern Nevada Eviction Services, and joined by Signature Real Estate Group in the above-referenced

---

[1] In this order, all references to "ECF No." are to the number assigned to the documents filed in the Chapter 13 bankruptcy proceeding as they appear on the docket maintained by the clerk of court. All references to "AECF No." are to the documents filed in the above-captioned Adversary Proceeding. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All references to "FRBP" are to provisions of the Federal Rules of Bankruptcy Procedure. All references to "FRCP" are to the Federal Rules of Civil Procedure.

adversary proceeding ("Adversary Proceeding"). The appearances of counsel were noted on the record. After arguments were presented telephonically, the matter was taken under submission.

## BACKGROUND

Teresa Renita Burwell ("Debtor") commenced prior Chapter 7 bankruptcy proceedings on January 5, 2009, and on July 31, 2015. She received a Chapter 7 discharge on April 16, 2009, and another Chapter 7 discharge on April 20, 2016. Debtor also commenced two prior Chapter 13 bankruptcy proceedings on March 11, 2019, and on June 17, 2019, but both cases were dismissed in 2019 without a Chapter 13 bankruptcy discharge.

On January 9, 2023, Debtor commenced another Chapter 7 proceeding ("January 2023 Case") that was assigned for administration to Troy S. Fox ("Chapter 7 Trustee"). A notice was issued under Section 341(a) scheduling the meeting of creditors ("341 Meeting") for February 8, 2023. (ECF No. 2).

On February 9, 2023, the United States Trustee ("UST") filed a motion to deny Debtor a Chapter 7 discharge under Section 727(a)(8) as permitted by FRBP 4004(d). Debtor was ineligible to receive another Chapter 7 discharge because her prior Chapter 7 discharge was entered in a case filed on July 31, 2015, and less than eight years had passed when she filed her new Chapter 7 petition commencing the January 2023 Case. See 11 U.S.C. §727(a)(8) ("The court shall grant the debtor a discharge, unless…the debtor has been granted a discharge under this section…in a case commenced within 8 years before the date of the filing of the petition.").

On February 27, 2023, the 341 Meeting was continued to March 22, 2023.

On March 16, 2023, an order was entered granting the UST's motion and denying the Debtor a Chapter 7 discharge. (ECF No. 23).

On March 27, 2023, the Chapter 7 Trustee reported that there were no assets available for distribution to creditors.

On April 17, 2023, an order was entered discharging the Chapter 7 Trustee and closing the January 2023 Case. (ECF No. 26).

On May 22, 2023, Debtor filed a "skeleton" Chapter 13 petition commencing another bankruptcy case ("May 2023 Case"). (ECF No. 1). The skeleton petition was not accompanied

by a schedule of assets and liabilities ("Schedules"), or a statement of financial affairs ("SOFA"), both of which are required by Section 521(a)(1).  On her petition, Debtor listed her address as 9344 Vista Waters Lane, Las Vegas, Nevada ("Vista Waters").  Attached to the petition is a list of creditors including Signature Real Estate Group, 9525 Hillwood Drive #180, Las Vegas, NV 89134 ("SREG").  A Notice of Chapter 13 Bankruptcy Case was filed scheduling a 341 Meeting for June 27, 2023.  The case was assigned for administration to Chapter 13 panel trustee, Rick A. Yarnall ("Chapter 13 Trustee").

On June 5, 2023, an order was entered granting Debtor an extension of time to June 20, 2023, to file her Schedules, SOFA and other required information.  (ECF No. 13).

On June 20, 2023, Debtor filed her Schedules, SOFA, and other information.  (ECF No. 18).  On her unsecured creditor Schedule "E/F," Debtor lists SREG as having a claim in the amount of $22,292.60 for unpaid rent.  On her Schedule "G," Debtor attests that she has no unexpired leases of property.  On her Schedule "J," Debtor attests that she has a monthly expense of $1,120, representing "my part of rent."  On her SOFA, Debtor attests that she is a party to two civil lawsuits, one in a California state court for which there is a pending appeal, and one in Nevada federal court for which litigation is pending.

On June 26, 2023, an order was entered granting Debtor an extension of time to June 30, 2023, to file her proposed Chapter 13 plan.  (ECF No. 20).

On June 28, 2023, the 341 Meeting was continued to July 11, 2023 (ECF No. 23), and then again to August 8, 2023.  (ECF No. 25).

On July 17, 2023, Debtor filed an ex parte "Emergency Motion to Stay Eviction Pursuant to Bankruptcy Code 11 USC&362" ("Emergency Stay Motion"), along with supporting documents.  (ECF No. 26).  Among the Debtor's supporting documents were copies of an order signed by a hearing master presiding over SREG's eviction proceeding against the Debtor ("SREG Eviction Action"), styled as <u>Signature Real Estate Group, Landlords v. Teresa R. Burwell; Trevon Latchison, Tenants</u>, Case No. 23E011552, in the Justice Court, Las Vegas Township, Clark County, Nevada ("Justice Court").  <u>See</u> Emergency Stay Motion at 6 and 7. The Justice Court's order ("Justice Court Order") denies the Tenant's motion to stay a prior order

3

for summary eviction ("Summary Eviction Order"). The hearing master's notations to Justice Court Order include a finding that the Summary Eviction Order had been issued on May 22, 2023, at 2:22 p.m., prior to the tenant's bankruptcy filing on May 22, 2023, at 3:46 p.m. Also included in Debtor's documents in support of her Emergency Stay Motion was a copy of "Plaintiff's Motion to Re-Issue Order for Summary Eviction" dated July 6, 2023, representing that the Summary Eviction Order had been granted on May 22, 2023, at 2:22 p.m. See Emergency Stay Motion at 13:5-6.

On July 21, 2023, the Chapter 13 Trustee filed a motion to dismiss the May 2023 Case due to the Debtor's failure to timely file a proposed Chapter 13 plan and failure to commence payments. The motion was noticed to be heard on August 17, 2023. (ECF Nos. 27 and 28).

On July 27, 2023, the court entered an order denying the Debtor's Emergency Stay Motion without prejudice to claims, if any, based on any violation of the automatic stay. (ECF No. 33).[2]

On August 1, 2023, the Chapter 13 Trustee filed a further motion to dismiss the May 2023 Case due to failure to timely file a proposed plan and failure to commence payments ("Case Dismissal Motion"). The Case Dismissal Motion was noticed to be heard on August 31, 2023. (ECF Nos. 36 and 37).

On August 8, 2023, the 341 Meeting was taken off calendar. (ECF No. 39).

On September 6, 2023, an order was entered granting the Case Dismissal Motion ("Case Dismissal Order") which dismissed the May 2023 Case and vacated any pending hearings. (ECF Nos. 42 and 43).[3]

On September 20, 2023, Debtor filed an adversary complaint ("Complaint") against SREG and Southern Nevada Eviction Services ("SNES"), commencing the above-captioned

---

[2] For some reason, SREG represents that the court initially granted the Emergency Stay Motion when the order actually entered, specifically explained that such relief was DENIED. See SREG Joinder at 7:18 to 8:10.

[3] Because the May 2023 Case was dismissed, Debtor has not received a Chapter 13 discharge of the debts she scheduled in the case.

4

Adversary Proceeding. (AECF No. 1). Debtor alleges that the defendants violated the automatic stay arising under Section 362(a)[4] and that she should be awarded actual and punitive damages[5] under Section 362(k)[6] in the amount of $200,000 for the unlawful removal and eviction of the Debtor from the Vista Waters premises.[7]

On September 26, 2023, the Chapter 13 Trustee filed a Final Report and Account certifying that no funds had been received and no disbursements had been made. (ECF No. 46).

On November 2, 2023, SNES filed a Motion to Dismiss and noticed it to be heard on December 6, 2023. (AECF Nos. 6 and 7). SNES seeks dismissal of the Adversary Proceeding

---

[4] Paragraph 9 of the Complaint alleges that the Debtor lived at the Vista Waters property commencing on May 20, 2020. Paragraphs 10 through 25 allege that between May 20, 2020, and March 27, 2023, the Debtor had difficulties making her rent payments but still occupied the premises. Paragraphs 26 alleges that on March 27, 2023, Debtor received a 7-day notice from her landlord, apparently initiating eviction proceedings. Paragraphs 27 through 35 allege that the Debtor was evicted on July 18, 2023.

[5] Paragraphs 36 through 39 of the Complaint, in addition to Part IV of the Complaint, allege facts relevant to a determination of damages, if any.

[6] Under Section 362(k), a party injured by a willful violation of the automatic stay may recover actual damages, including attorney's fees. See 11 U.S.C. §362(c)(3)(A). Actual damages for violation of the automatic stay may include recovery for emotional distress and economic losses. See, e.g., America's Servicing Co. v. Schwartz-Tallard, 438 B.R. 313, 321-22 (D. Nev. 2010) (to recover emotional distress damages for violation of the automatic stay, "an individual must (1) suffer significant harm, (2) clearly establish the significant harm, and (3) demonstrate a causal connection between that significant harm and the violation of the automatic stay (as distinct, for instance, from the anxiety and pressures inherent in the bankruptcy process."). In appropriate circumstances, punitive damages may be imposed if warranted under the circumstances. See, e.g., Sundquist v. Bank of America, N.A. (In re Sundquist), 566 B.R. 563 (Bankr. E.D. Cal. 2017) (awarding punitive damages under Section 362(k)(1) based on egregious post-petition foreclosure activity).

[7] Under Section 1306(a)(1), property of a Chapter 13 bankruptcy estate includes all property of the kind specified in [Section 541] in addition to "all property that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first." Under Section 541(a)(1), property of the estate includes all legal and equitable interests of the debtor, which encompasses claims the debtor has against third parties. See generally Sierra Switchboard Co. v. Westinghouse Electric Corp., 789 F.2d 705, 707 (9th Cir. 1986). Because the Debtor's alleged claim for violation of the automatic stay arose after the May 2023 Case under Chapter 13 was commenced but before it was dismissed, it appears that any recovery in this Adversary Proceeding may be property of her Chapter 13 bankruptcy estate.

pursuant to "FRBP 5005(a) and 7003." Because the caption of the motion did not include the case number of the underlying Chapter 13 proceeding, SNES was directed to file a correction. (AECF No. 9).

On November 8, 2023, SNES re-filed the same Motion to Dismiss ("Adversary Dismissal Motion") and noticed it to be heard on December 13, 2023. (AECF Nos. 11 and 12). SNES again seeks dismissal of the Adversary Proceeding pursuant to "FRBP 5005(a) and 7003."

On November 22, 2023, Debtor filed her opposition ("Opposition") to the Adversary Dismissal Motion. (AECF No. 15). Debtor alleges that an unlawful eviction "which violated the automatic stay was carried out on July 18, 2023, in the face of bankruptcy case number 23-12054-MKN, where the case was open and active." Opposition at 4:6-8; see also Opposition at 2:6-12. The allegation is supported by the Debtor's "Unsworn Declaration" under penalty of perjury attached to the Opposition. See 28 U.S.C. § 1746. Debtor also argues that dismissal of the Complaint for failure to state a claim under FRCP 12 (applicable in this adversary proceeding under FRBP 7012) is inappropriate because she has pled a plausible basis for damages for violation of the automatic stay. See Opposition at 3:9-24.[8]

On November 29, 2023, SREG filed a joinder to the initial Motion to Dismiss that had been filed by SNES to which SREG attaches Exhibits A-J. (AECF No. 19). In addition to joining in the request to dismiss the Adversary Proceeding pursuant to "FRBP 5005(a) and 7003," SREG raised arguments going to the substance of the alleged automatic stay violation.

On November 30, 2023, SREG filed its answer to the Complaint. (AECF No. 20).

On November 30, 2023, SREG re-filed a joinder to the Adversary Dismissal Motion ("SREG Joinder") to which is attached the same Exhibits A-J. (AECF No. 22).

On November 30, 2023, SREG re-filed its answer to the Complaint. (AECF No. 23).

On December 6, 2023, the hearing on the initial Motion to Dismiss was continued to December 13, 2023, so that it could be heard on the same date as the Adversary Dismissal Motion.

---

[8] Although the Debtor appears in pro se, for some reason she is the only party that attempts to identify a legal standard applicable to a motion to dismiss.

6

**DISCUSSION**

The court has reviewed the record in this Adversary Proceeding. The court has reviewed the record in the January 2023 Case and the May 2023 Case. The court has considered the written and oral arguments presented. For the reasons discussed below, the court concludes that the Chapter 13 petition commencing the May 2023 Case operated as a stay until the case was dismissed on September 6, 2023. The court also concludes that the same Chapter 13 petition did not operate as a stay of the SREG Eviction Action. The court therefore concludes as a matter of law that the alleged conduct of SREG and SNES after the Debtor filed her Chapter 13 petition was not a willful violation of the automatic stay for which sanctions would be available under Section 362(k). As a result, the Complaint fails to state a claim for which relief may be granted.[9]

    **1.**    **Commencement of the May 2023 Case did not implicate Section 362(c)(3).**

When the Debtor filed her voluntary bankruptcy petitions, commencing both the January 2023 Case and the May 2023 Case, the automatic stay arose as a matter of law in each separate bankruptcy proceeding. See 11 U.S.C. §362(a) ("Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title…operates as a stay, applicable to all entities…"). Encompassed by the automatic stay is "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. §362(a)(3)(A, B, and C). As a matter of law, the automatic stay terminates in a bankruptcy case at the time the case is closed, at the time the case is dismissed, and at the time an individual debtor is granted or denied a discharge. See 11 U.S.C. §362(c)(2). Entities that are subject to the automatic stay, including creditors and other interested parties, may seek an order from the bankruptcy court terminating, annulling, modifying, or conditioning the automatic stay by demonstrating any of the grounds set forth in Section 362(d). The docket in both the January

---

[9] The Adversary Proceeding was commenced and the Complaint was filed in the May 2023 Case. The Complaint alleges certain actions that took place during the January 2023 Case. See note 4, supra. Whether those actions constituted a violation of the automatic stay in the January 2023 Case is not before the court.

7

2023 Case and the May 2023 Case reflect no attempt by SNES or SREG in either proceeding to obtain relief from the automatic stay.[10]

There is no dispute that the January 2023 Case was pending within one year preceding the commencement of the May 2023 Case. Section 362(c)(3)(A) states in part:

> If a single…case is filed by…a debtor who is an individual under chapter 7, 11, or 13, and if a single …case of the debtor was <u>pending within the preceding 1-year period but was dismissed</u>…the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt <u>or with respect to any lease shall terminate</u> with respect to the debtor on the 30th day after the filing of the later case.

11 U.S.C. §362(c)(3)(A) (emphasis added).

At the time the Debtor commenced the May 2023 Case, the undisputed record reflects that the January 2023 Case had been closed without a discharge <u>but had not been dismissed</u>. In fact, the Chapter 7 Trustee administered the proceeding as a no-asset case without distribution to creditors. Because the January 2023 Case was closed but not dismissed within one year of commencement of the May 2023 Case, Section 362(c)(3)(A) was not implicated, and the automatic stay in the latter case never expired after 30 days. Under these circumstances, the automatic stay that arose when the Debtor commenced the May 2023 Case remained in effect until that case was dismissed on September 5, 2023.[11]

**2.    The Petition Commencing the May 2023 Case did not stay the SREG Eviction Action.**

---

[10] Because neither SNES nor SREG sought relief from stay in the May 2023 Case, there was nothing in the record of the bankruptcy court suggesting that an order of eviction had been entered by a state court prior to the commencement of the case. When the Debtor filed her Emergency Stay Motion, she included copies of items appearing on the docket of the Justice Court, which evidenced for the first time that the Summary Eviction Order had been entered before the Debtor filed her Chapter 13 petition. No determination of the effect of that timeline could be made because the Debtor never served the Emergency Stay Motion on the defendants.

[11] SREG argues "with all respect to the Bankruptcy Court" that the automatic stay in the May 2023 Case terminated after 30 days under Section 362(c)(3)(A) because the Debtor did not seek a continuation of the automatic stay under Section 362(c)(3)(B). <u>See</u> SREG Joinder at 8:11 to 9:11. For the reasons discussed, Debtor was not required in the May 2023 Case to file a motion under Section 362(c)(3)(B). In other words, the legal premise for SREG's argument is incorrect.

8

Both the Debtor and SREG have submitted copies of documents appearing in the record of the SREG Eviction Action.[12] Neither the Debtor nor SREG have objected to the court's consideration of any of the items. One of the common documents is a copy of the Justice Court Order. That order denied the Debtor's motion to stay the Summary Eviction Order. The hearing master's notations to the Justice Court Order evidence that the Summary Eviction Order had been issued on May 22, 2023, at 2:22 p.m., prior to the Debtor's bankruptcy filing on May 22, 2023, at 3:46 p.m.[13]

As previously mentioned, Section 362(a)(3) bars "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. §362(a)(3). There are 29 categories of acts described in Section 362(b), however, to which the bar under Section 362(a) does <u>not</u> apply. Under Section 362(b)(22), the automatic stay <u>does not operate as a stay</u> "subject to subsection (l), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and <u>with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property of the debtor</u>…" 11 U.S.C. §362(b)(22) (emphasis added). Under Section 362(l), a debtor can prevent the application of Section 362(b)(22) by filing and serving a "certification under penalty of perjury that …there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgement for possession was entered," <u>and</u>, that "the debtor…has deposited with the clerk of the court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition." 11 U.S.C. §362(1)(1)(A and B).

---

[12] Debtor attached copies of certain materials to her Emergency Stay Motion that was denied by this court. SREG attached copies of certain materials to its Joinder.

[13] Exhibit "B" to the SREG Joinder is a copy of a register of actions in the SREG Eviction Action. The entry for May 22, 2023, indicates that the Summary Eviction Order was entered on that date.

9

In this instance, the evidence demonstrates that the Summary Eviction Order was entered by the Justice Court before the Debtor commenced the May 2023 Case. As a result, Debtor's voluntary Chapter 13 petition did not operate as a stay of the SREG Eviction Action.[14] Inasmuch as the Debtor has not filed with the court the certification permitted by Section 362(l)(1), the provisions of Section 362(b)(22) still apply.

As a result, the Chapter 13 petition filed by the Debtor in the May 2023 Case operated as a stay of the matters set forth in Section 362(a), but not as to the SREG Eviction Action.

**3.  Completion of the SREG Eviction Action did not violate the automatic stay.**

The SREG Eviction Action culminated on July 18, 2023, when the Debtor was removed from the Vista Waters premises. Debtor seeks actual and punitive damages under Section 362(k) for a willful violation of the automatic stay. Based on Section 362(b)(22), however, the automatic stay did not apply to the SREG Eviction Action when the Debtor filed her Chapter 13 petition. Additionally, Debtor's Emergency Stay Motion was denied. As a consequence, the automatic stay never applied to the SREG Eviction Action, nor was it imposed at any time after the May 2023 Case was commenced.[15] As a further consequence, there could have been no willful violation of an automatic stay that never applied to the SREG Eviction Action.[16]

**4.  Dismissal of the Complaint is Appropriate without leave to amend.**

Defendants maintain that dismissal is warranted based on FRBP 5005(a) and FRBP 7003. Debtor argues that the Motion should be reviewed for failure to state a claim under FRBP 7012, which incorporates FRCP 12(b)(6).

FRBP 7003 incorporates FRCP 3 that requires a civil action to be commenced by filing a complaint. FRBP 5005(a)(1) requires that a complaint be filed in a district "where the case

---

[14] Instead of pursuing other relief from the Summary Eviction Order in the State court, Debtor filed another bankruptcy petition.

[15] Under limited circumstances, the automatic stay may be imposed where an individual debtor has had two or more cases dismissed in the prior 1-year period. See 11 U.S.C. § 362(c)(4)(B). In this instance, Debtor did not have even one case dismissed in the prior year.

[16] Whether the defendants complied with state law in carrying out the eviction is not before the court. Any such conduct occurred after the commencement of the May 2023 Case and arguably would have been an asset of the Chapter 13 estate. See discussion at note 7, supra.

10

under the [Bankruptcy] Code is pending." Debtor filed her Complaint on September 20, 2023, after the Dismissal Order was entered on September 6, 2023. The Chapter 13 case was still pending, however, to permit the Chapter 13 Trustee to file his final report on September 26, 2023. In other words, Debtor timely commenced the Adversary Proceeding when she filed the Complaint. Neither FRBP 5005(a) nor FRBP 7003 requires dismissal of this Adversary Proceeding.

FRCP 12(b)(6) permits a defendant to seek dismissal of an action "for failure to state a claim upon which relief may be granted." In reviewing the adequacy of a complaint, the court looks to whether the plaintiff has alleged sufficient facts to state a plausible claim for relief. See generally In re Landes, 627 B.R. 144, 152-53 (Bankr. E.D. Cal. 2021), citing 2 MOORE'S FEDERAL PRACTICE - CIVIL § 8.04 (2020).

In this instance, the Complaint against the defendants is based solely and specifically on an alleged violation of the automatic stay provided by Section 362(a). The Complaint seeks relief from the defendants based solely and specifically on alleged injuries addressed through the sanctions available under Section 362(k). As previously discussed, the uncontested record on this Dismissal Motion without objection establishes that the Chapter 13 petition did not operate as a stay of the SREG Eviction Action. Construing the allegations of the Complaint in a light most favorable to the Debtor, the court therefore concludes that there is no plausible basis for a claim. Because the Debtor does not dispute that the Summary Eviction Order was entered before she filed her Chapter 13 petition, leave to amend the Complaint would be futile.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss brought by Southern Nevada Eviction Services, Adversary Docket No.11, and joined by Signature Real Estate Group, Adversary Docket No. 22, be, and the same hereby are, **GRANTED WITHOUT LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** that any hearings currently scheduled in this Adversary Proceeding are **VACATED**. The Clerk of the Court is directed to close this matter.

Copies sent via CM/ECF ELECTRONIC FILING

Copies sent via BNC to:
TERESA RENITA BURWELL
9344 VISTA WATERS LANE
LAS VEGAS, NV 89178

### #