UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Teresa Renita Burwell,

    Appellant

v.

Signature Real Estate Group LLC, et al.,

    Appellees

Case No.: 2:24-cv-00391-JAD

**Order Dismissing Appeal for Failure to Prosecute**

    Pro se appellant Teresa Renita Burwell appeals the result of an adversary bankruptcy proceeding decided in favor of appellees Signature Real Estate Group LLC and Southern Nevada Eviction Services.[1] The appeal was filed on February 22, 2024, and Federal Rule of Bankruptcy Procedure 8009(a) required Burwell to "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within 14 days after the appellant's notice of appeal.[2] Burwell never filed those documents, despite several extensions of time to do so and two warnings that her failure to comply may result in the dismissal of her appeal.[3]

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order,

---

[1] ECF No. 1.

[2] Fed. R. Bank. P. 8009(a)(1) (cleaned up); *see also* ECF No. 41 in *Burwell v. Signature Real Estate Grp.*, 23-01129-mkn (Bankr. D. Nev.) (informing appellant of deadlines for designation of record on appeal and statement of issues).

[3] ECF Nos. 7, 11.

[4] *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

or failure to comply with local rules.[5]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

       The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Burwell's appeal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.[7]  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

       The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[8]  Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must

---

[5] *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules); *see also* Local Rule 41-1 (authorizing dismissal of civil actions pending for "more than 270 days without any proceeding of record having been taken").

[6] *Henderson*, 779 F.2d at 1423–24; *In re Wright*, 659 F. App'x 438, 439 (9th Cir. 2016) (unpublished) (affirming district court's dismissal of bankruptcy appeal based on these factors).

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

explore possible and meaningful alternatives."[9]  Because this appeal cannot realistically proceed without the appellant moving it forward, the only alternative is to enter a third order setting another deadline.  But given that Burwell has failed to comply with the Bankruptcy Rules since the inception of this appeal, the likelihood that another order would prompt action is low, so issuing one will only delay the inevitable and further squander the court's finite resources.  So the fifth factor favors dismissal.

Having thoroughly weighed these dismissal factors, I find that they weigh in favor of dismissal.  IT IS THEREFORE ORDERED that **this appeal is DISMISSED** without prejudice for want of prosecution.

_____
U.S. District Judge Jennifer A. Dorsey
February 4, 2025

---

[9] *Henderson*, 779 F.2d at 1424.

3